The next case on the calendar is Riley v. Noeth. May it please the Court, good morning. My name is Jesse Siegel. I'm representing Adrian Riley, the petitioner herein. Mr. Riley is currently serving a 25-year state sentence for sexual conduct with a child in the first degree. The district court denied Mr. Riley's 2254 motion and did not issue a certificate of appealability. But this court did issue a certificate of appealability on a single issue, and that was whether Mr. Riley received ineffective assistance of counsel when his attorney failed to consult with a medical expert in preparing for his trial. Instead, counsel conceded that the victim in the case had suffered sexual abuse and chose to pursue the case as one based only on the question of identity. So there is a good reason. I wouldn't presume to know that this was the reason, but there is a good reason why a certificate of appealability was appropriate here, because this case seems to fall squarely within this Court's decision in Gersten v. Senkowski, which was another very similar case. And there the Court noted that in sexual abuse cases, because of the centrality of medical testimony, the failure to consult with or call a medical expert is often indicative of ineffective assistance. The Court cited two, three other decisions, Ease v. Senkowski, Pavel v. Holman, and Lindstadt v. Keene. The Court further noted that this is especially true where the people's case rests on the credibility of the alleged victim as opposed to direct physical evidence like DNA or third-party eyewitness testimony. And the Court noted that defense counsel would not be justified in failing to conduct an investigation, that that would not be equal to objectively reasonable performance. Sotomayor, does the record demonstrate failure to consult with a medical expert? I'm sorry, Judge? Does the record reflect, does the record show failure to consult with a medical expert? Well, I would say that it does, and it does because Mr. Riley alleged that in a sworn affidavit. He submitted some correspondence that he had with his attorney. He's not competent on that question, is he? Excuse me? Mr. Riley is not competent on that question. Mr. Riley doesn't know firsthand everything that his attorney did or didn't do. I think that's correct, Judge. But I think I would point out something else, that during the entire pendency of this case, the State in one capacity or another, either as the attorney general, as the county prosecutor, has been a party to this case at the trial, at the on-appeal, State appeal, during the litigation of the 440 motion, and in the district court. And until we got here, the Respondent or the State has never before claimed there was any ambiguity on this question. They've never said that the record was insufficient to show that the defense counsel did, in fact, fail to consult with an expert in none of those places. Furthermore, in none of the court cases that we've seen in this case, there is no ambiguity that the defense counsel failed to consult with a medical expert.   And I'm going to let you continue your argument. Go ahead. In none of the court decisions addressing this issue has there been raised any question over the claim that the defense counsel failed to consult with a medical expert, nor has there been any implication that the record was ambiguous on this point. So is your argument that, in effect, the State conceded that the defense counsel failed to consult a medical expert? I mean, it's not something that they're in a position to know, probably, either. Well, I would disagree with that, respectfully, Your Honor. First of all, I would say, if nothing else, they've waived that argument before we got here. But second of all, they've been party to all these proceedings that I've just outlined, presumably, or at least it certainly seems logical that at some point somebody would have spoken to the attorney and said, did you, in fact, consult with a medical expert? The problem is it's your client's burden. And what I wanted to ask you about before is the State court rejected your claim for insufficient evidence, which suggests that it didn't think you had made out enough of a claim that counsel was consulted or that counsel chose not to call. And that was the argument to the State court, and it was rejected for insufficient evidence. Now, we have to decide whether the State court's rejection of your claim was contrary not to law of this circuit, but to clearly established law by the Supreme Court. And, of course, we have the Supreme Court telling us in, I think it's Harrington v. Richter, that, you know, we give great deference to the calling of experts, witnesses by counsel. So I put all this together, and I'm troubled as to whether you can show that an error by the State court here. Well, first of all the State court never resolved the issue of did, in fact, the defense attorney fail to consult with an expert. Am I mistaken that it rejected your claim for insufficient evidence? Well, Judge, there were several different State court decisions.  Okay. So in the 440 motion, the ‑‑ I guess it was a county court there. They really didn't address it, and they ultimately concluded that Mr. Riley's arguments were, at quote, at best, are properly considered on the appeal, because at the same time the 440 motion was pending, there was also a direct appeal pending. However ‑‑ Sotomayor, I've highlighted for you those two concerns I have, but I'll take you even to our decisions. Is it clearly established in our case law that you need to consult or hire an expert when the expert notes of the prosecution show damage that's recognized even in cases such as McCamden and Tixera to be consistent with studies of abuse? The damage here is of a different sort from what was of concern about the lack of expert testimony in the two cases from our court. This is ‑‑ am I right that there's damage here beyond what was in McCamden and Tixera? I think that's correct, but ‑‑ And which, as I understood it, even the defense experts in those cases recognize is indicative of abuse. So my point is, so you consult an expert and an expert's going to say, yeah, that's consistent with abuse, not all of the concerns that it might have other explanations that were identified about the degree of damage in McCamden and Tixera. Well, I think those are the concerns, and I think basically, Ms. ‑‑ Do you want me to spell out what the abuse, what the damage showed here in this case? I mean, I think we both know what it showed, right? I have reviewed ‑‑ It's different from what was of concern. It's to a different location and to a different degree than in McCamden and Tixera. I wouldn't disagree, but I wouldn't say that Mr. Riley's right to have the effective assistance of counsel was less ‑‑ Do you have a basis to think it's going to be any better than what those experts in Tixera and McCamden said? Well, the fact of the matter is the record does not establish that, but the reason the record does not establish information which would lead ‑‑ could answer that yes or no is because Mr. Riley was prevented from developing an evidentiary record both in the county court that considered the 440 motion and in the district court. You have to show prejudice to succeed on this claim, and that's assuming you can clear the Harrington v. Richter concern that I raised with you. How do you show prejudice in this case? As I said, I'm not sure that the damage here to the child does not fit what within these two cases the medical experts said would have been indicative of child abuse. Well, I think at the very least ‑‑ Child sexual abuse. Excuse me. I'm sorry. No, go ahead. At the very least, this case should be remanded to the district court for an evidentiary hearing on that very issue, because in both the county court that was litigating where the 440 motion was being litigated and in the district court, Mr. Riley averred that he was indigent. He did not have the resources to hire an attorney. He asked for an attorney to be assigned to him, and he also asked for an evidentiary hearing. So he was denied any opportunity to develop an evidentiary basis that could conceivably address Your Honor's concerns. What case law would you point us to that an indigent habeas petitioner would be entitled to a hearing or public funds to secure an expert to obtain evidence that this kind of damage is not ‑‑ is not consistent with child abuse, because that's not what the experts in McCann and Texera said about this kind of damage. I'm not familiar with any law that gives you, as a habeas petitioner, the right to say I'm indigent and, therefore, I need money to hire an expert to see if maybe he would say that this kind of damage could be explained by something other than sexual abuse. Well, very frankly, Judge, I don't know if there is legal requirement that he be afforded those resources. But the flip side of it, then, is that you can't ‑‑ it's ‑‑ one cannot say that ‑‑ point to the lack of an evidentiary record that there could, in fact, be arguments made on the ‑‑ as to the medical testimony. You can't point to the lack of an evidentiary record on it when, in point of fact, he was denied a hearing that he requested. So I see that I'm substantially over. I'm happy to keep going, but ‑‑ You reserved some rebuttal time. I did, thank you. Good morning, Your Honor. My name is Michelle Marov, and I represent the Respondent, Joseph Nove. The State court here reasonably declined to find that Petitioner established prejudice in the county court, given that he has never provided any evidence that rebutted the prosecution's expert conclusion that a tear at the base of the victim's hymen was consistent with vaginal penetration. Petitioner provided the county court with a list of articles. The most recent article at the time that he ‑‑ at the time of his trial was 15 years old, and a number of these articles were plainly irrelevant to his claim. And to the extent that these articles addressed the injury that the victim sustained in this case, these articles tended to support the testimony of the people's expert. Petitioner has never identified an expert who would have been available to provide the expert testimony that he claims he was entitled to, and he has not established prejudice. I wanted to address Petitioner's statement that throughout this litigation ‑‑ Would you say to his argument that he was never given the opportunity by the court to establish prejudice by a hearing or otherwise? So there is a showing that needs ‑‑ that he needed to make before the county court in order to have a hearing granted. He needed to provide the county court with evidence, admissible evidence. That list of articles is not evidence. It's simply a list of ‑‑ it's simply a list of old, old medical journals. That was not a sufficient basis for the court to ‑‑ to order a hearing. He did have some correspondence with his attorney, and when his attorney, the last time his attorney wrote to him, his attorney said, the appellate division will assign an attorney for you, and I will speak to that attorney. For all we know, there was conversations between those attorneys. So he did have an appellate attorney who may have been aware of these issues, may have researched these issues. It's just not ‑‑ it's just not a complete record, but he has not been thwarted by the State in terms to ‑‑ in terms of his efforts to develop a record. He's not in a position that's any different from any other incarcerated person in New York. I guess one gets counsel during a criminal proceeding, but after it's over, for post‑conviction relief, you don't automatically get counsel and funds to fund investigations to ‑‑ for post‑conviction relief, right? Well, I have seen cases where court‑appointed appellate counsel will file a 440 on behalf of a client. No, the court can do it. The question is whether the ‑‑ whether the Petitioner has the right to it. No, he doesn't. He doesn't have a right, but Petitioner presumes that counsel at all stages didn't do anything to help him, and the record just doesn't show that. And this Court can't assume, in the absence of ‑‑ of an affirmative showing of a lapse, that a lapse took place. Well, he ‑‑ if I understand, his concern is that his counsel has not responded to his last inquiry on this matter. And so I suppose he's suggesting that a failure to respond should be viewed as negative to be adverse, that the attorney did not consult, that at least it's enough for implausibly to allege that. Why shouldn't we accept that theory? I believe that counsel meaningfully responded to Petitioner because he ‑‑ what he said to Petitioner was, you will have an attorney appointed and I will speak to that attorney. And clearly in this case, it is better for attorney to speak to attorney than for Petitioner and his former attorney to go back and forth in a series of argumentative letters. So he didn't ‑‑ he didn't just ignore him. He said, when your appellate counsel is appointed, I will be happy to speak to him. Are you ‑‑ you're continuing to ‑‑ you're arguing before us, too, that there is insufficient evidence in the record to determine even if an expert was consulted during the trial? That's ‑‑ that's correct, Your Honor. This ‑‑ this attorney was assigned to this matter for six months before trial, and he should be presumed to have been effective during that period. There is ‑‑ Petitioner sent his attorney a letter in which he asked his attorney, why didn't you present an expert at trial? He did not ask his attorney, why didn't you consult an expert? And what the attorney ‑‑ the attorney's response was, the medical evidence was such that the question, you know, to paraphrase, the medical evidence was such that the question was, there was ‑‑ was how did the injury occur, not whether there was an injury. And my ‑‑ It's quite apart from that. Isn't this case distinguishable from Lindstadt and Ease or ESA? Because the Texera and McCann studies there, especially the Texera study, supports the argument that ‑‑ that damage at this position is common in victims of sexual penetration. Right? That's ‑‑ that's ‑‑ seems to be the hallmark in ‑‑ the hallmark injury for ‑‑ for sexual penetration. To the extent the argument is, if my attorney had found experts such as were found lacking in Lindstadt and Ease, it would have helped because there are studies like this McCann and Texera study out there. The State's response is that the deficiencies they found are not in cases like this one. Right? I would also bring this Court's attention to Gersten, where both experts agreed that a posterior hymenal ‑‑ posterior hymenal tear was consistent with vaginal penetration. That was the expert who testified in the ‑‑ in the county ‑‑ in the county court trial, as well as the expert who testified for the defendant at the 440. They both agreed that such an injury indicates vaginal penetration. Where they disagreed was whether the slides that were introduced at trial actually showed that kind of an injury. But that appears to be, based on the articles that Petitioner cites, the consensus is that a tear in the hymen at that position is consistent with vaginal penetration. And if there are no further questions, I'll rely on my brief. Thank you, Your Honor. Respectfully, I don't think the record here is sufficient to establish whether or not a consulting with a medical expert would or would not have led to favorable information on behalf of Mr. Riley. And I don't really think this is the place to litigate whether or not such injuries are or are not. But the burden, at a minimum, at a minimum, to show ineffective assistance of counsel is that a reasonable attorney would have done it. Let's assume that in your favor. Right. And that the failure to do so prejudiced you. And I don't see any evidence that you can point to on that score. Tell us what there is on that one. No. I would agree with the Court on that, and I would say that the reason for that is because Mr. Riley was denied the opportunity to develop such evidence at an evidentiary hearing, which he requested in both the State court and in the district court. You don't have a tolerable basis to think you'll be able to deduce such evidence. I mean, whether it comes from studies and then you have to put in the study or whatever, you have to have some basis to think that you're going to be able to show, raise a credibility concern, that counsel would have been able to raise a real credibility concern about the testimony of this child. Well, at this point, the record on evidence that would be favorable to Mr. Riley is evidence that he was able to develop as an indigent sentenced prisoner in ---- I must not be clear. I don't see that any of the studies that he points to help him. They might help other sexual abuse defendants involving different degrees of injury, but I don't see where any of them help him. Right. So the point I am trying to make, and I understand the Court's concern, is that it's unrealistic to think that without even an evidentiary hearing, much less without the assistance of an attorney, that Mr. Riley could have, you know, done this five years ago. That this case was before the district court, who certainly had the discretion to appoint a counsel for him to help him in developing the factual record, if not the obligation to do so. And furthermore, that there was a basis for an evidentiary hearing. As a matter of fact, the case cried out for an evidentiary hearing, because his assertion, which was not meaningfully controverted, was that his attorney had not consulted with a medical expert. And at the very least, at that point, an evidentiary hearing was appropriate to determine whether or not there was anything here that could have been helpful to his case. And so therefore, at the very least, I would ask the Court to remand this case to the district court with a suggestion that the Court consider appointing counsel and at the very least conduct an evidentiary hearing. Underwood. Do you agree with the claim of the district court limited to the record that was developed in the State court at this stage? I don't believe so, because I think that under — I think it's Pinholster is the case, and then there is a non-precedential case from this court. I think it's called Ridgeway. They assumed that, first of all, there was a decision on the merits in the State court, which there really was not. As a matter of fact, the court that decided the 440 motion said, in any event, this is something that should be taken up on the direct appeal. And on direct appeal, I kid you not, the court said, this is something that should be taken up by a 440 motion. So, first of all, there was no decision on the merits. And second of all, he was prevented from developing a factual record in the evidentiary hearing. Thank you very much. Thank you both. Thank you for the help.